UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALVIN WILSON,

                    Plaintiff,

-against-

Correction Officer LUGO; Correction Officer
LASWELL, AMKC C-95, in their individual
capacity,

                    Defendants.
-----------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

14-CV-4638 (ARR)

ROSS, United States District Judge:

On July 31, 2014, Alvin Wilson, currently incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, filed this pro se action pursuant to 42 U.S.C. § 1983. Plaintiff seeks in forma pauperis status and over $15 million in damages. The complaint is dismissed as set forth below.

## DISCUSSION

Pursuant to the Prison Litigation Reform Act (PLRA),

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). While incarcerated, plaintiff has filed more than three in forma pauperis actions which have been dismissed for failure to state a claim. See Wilson v. Manager of Macy's Dep't Store, No. 03-CV-4092 (ARR), slip op. (E.D.N.Y. May 5, 2004) (dismissed for failure to state a claim); Wilson v. New York City et al., No. 03-CV-4350 (ARR) (E.D.N.Y. May 5, 2004) (consolidated with No. 03-CV-4092 and dismissed for failure to state a claim); Wilson v. New

York City et al., No. 03-CV-4909 (ARR) (E.D.N.Y. May 5, 2004) (consolidated with No. 03-CV-4092 and dismissed for failure to state a claim); Wilson v. New York City et al., No. 02-CV-2209 (ARR), slip op. (E.D.N.Y. Apr. 15, 2002) (dismissed for failure to state a claim and warning plaintiff of three-strikes provision under PLRA) (citing cases); Wilson v. New York City et al., Nos. 01-CV-4603 and 01-CV-4604 (ARR), slip op. (E.D.N.Y. Sept. 26, 2001) (dismissed for failure to state a claim).

Therefore, plaintiff is barred under the "three-strikes" provision of the in forma pauperis statute from bringing a new action unless he can show that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The court notes that plaintiff has another action currently pending in this court, Wilson v. First 1-10 Unknown John Does, No. 14-CV-3684 (ARR) (LB) (filed June 10, 2014), alleging denial or delay of medical treatment for a serious medical condition. That action was not barred under § 1915(g), and plaintiff has been directed to file an amended complaint.

In this new action, plaintiff alleges that on June 3, 2014, he injured his leg and ankles when he slipped and fell on a wet floor while detained at AMKC. Plaintiff attaches documents that show he received medical treatment for his injuries. Compl., Dkt. #1, Exs. A-D. However, plaintiff does not allege any facts to show that he "is under imminent danger of serious physical injury." See Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) ("[T]he language of 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed."); see also Polanco v. Hopkins, 510 F.3d 152 (2d Cir. 2007) (upholding constitutionality of § 1915(g)).

In any event, plaintiff's slip and fall claim would be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B) for failure to state a claim. Allegations of negligence by prison officials do not rise to the level of a constitutional violation under the Eighth Amendment or the

Fourteenth Amendment. See Farmer v. Brennan, 511 U.S. 825, 836 (1994) (Eighth Amendment); Daniels v. Williams, 474 U.S. 327, 328 (1986) (Fourteenth Amendment). Furthermore, "[c]ourts have regularly held . . . that a wet or slippery floor does not pose an objectively excessive risk to prisoners." Johnson v. N.Y.C. Dep't of Corr., No. 10-CV-338 (JG), 2010 WL 2426017, at *1 (E.D.N.Y. June 11, 2010) (quoting Sylla v. City of N.Y., No. 04-CV-5692 (ILG), 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005) (collecting cases)).

## CONCLUSION

Accordingly, plaintiff's request to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g) and the action is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
       August 13, 2014

## SERVICE LIST

Plaintiff
Alvin Wilson
4411403635
18-18 Hazen Street
East Elmhurst, NY 11370